# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| GEOVANY J. GONZALEZ-GONZALEZ,<br><br>Petitioner,<br>vs.<br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. C16-4076-MWB<br>No. CR12-4038-MWB<br><br>**OPINION AND ORDER REGARDING RESPONDENT'S MOTION TO DISMISS PETITIONER'S § 2255 MOTION TO VACATE** |

_____

**TABLE OF CONTENTS**

*I.   INTRODUCTION AND BACKGROUND ............................................................. 2*
    *A.   Criminal Case Proceedings ........................................................................ 2*
    *B.   Gonzalez-Gonzalez's § 2255 Proceeding ................................................... 3*
*II.  LEGAL ANALYSIS ............................................................................................. 4*
    *A.   Standards for Motions to Dismiss .............................................................. 4*
    *B.   The Statute Of Limitations And Equitable Tolling ..................................... 5*
    *C.   Timeliness Of Gonzalez-Gonzalez's § 2255 Motion .................................. 6*
*III. CERTIFICATE OF APPEALABILITY ................................................................ 9*
*IV.  CONCLUSION ................................................................................................... 10*

Respondent's Motion to Dismiss Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (docket no. 3), in which respondent seeks dismissal of petitioner Geovany J. Gonzalez-Gonzalez's § 2255 motion because Gonzalez-Gonzalez's claims are untimely, is before me for decision. Gonzalez-Gonzalez's appointed counsel filed a brief in accordance with *Anders v.*

*California*, 386 U.S. 738 (1967), asserting there are no meritorious issues concerning the timeliness of Gonzalez-Gonzalez's § 2255 motion. Gonzalez-Gonzalez, in turn, filed a *pro se* brief in resistance to respondent's Motion to Dismiss in which he argues that the time permitted for filing his § 2255 motion should motion should be equitably tolled for the periods he spent in two Special Housing Units ("SHU") units.[1]

## I. INTRODUCTION AND BACKGROUND
### A. Criminal Case Proceedings

On April 25, 2012, an Indictment was returned against defendant Geovany Gonzalez-Gonzalez, charging defendant with conspiring to possess with intent to distribute 5 grams or more of pure methamphetamine, and 50 grams or more of methamphetamine, having previously been convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 846, and 851. On May 30, 2013, Gonzalez-Gonzalez pleaded guilty to the charge before United States Magistrate Judge Leonard T. Strand.[2] In a Report And Recommendation Concerning Guilty Plea, filed that same day, Judge Strand recommended that I accept Gonzalez-Gonzalez's plea. After the parties filed Waivers of any objections to the Report And Recommendation, I accepted Gonzalez-Gonzalez's guilty plea by Order, also filed May 30, 2013.

The PSIR calculated Gonzalez-Gonzalez's offense level as 33, his criminal history category as II, and his advisory sentencing guidelines range as 151 to 188 months, with a mandatory minimum sentence of 240 months. At sentencing, on October 4, 2013, the

---

[1] Gonzalez-Gonzalez alleges that he was placed in the SHU unit at while he was incarcerated at the Federal Correctional Institution in Englewood, Colorado ("FCI Englewood") from January 2014 to June 2014, and the SHU unit at the Federal Correctional Complex in Lompoc, California ("FCC Lompoc") from March 2015 to July 2015.

[2] Magistrate Judge Strand was confirmed as a U.S. District Court Judge on February 11, 2016, and is now Chief Judge in the Northern District of Iowa.

prosecution made a substantial assistance motion under U.S.S.G. § 5K1.1 and 28 U.S.C. § 3553(e), which I granted. I sentenced Gonzalez-Gonzalez to 192 months' incarceration. Gonzalez-Gonzalez did not appeal his sentence or conviction.

On March 26, 2015, I considered *sua sponte,* a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2) motion. Under § 3582(c)(2), a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been lowered by the Sentencing Commission may seek a recalculation of that sentence in district court. The district court is authorized to reduce a defendant's sentence based on such an amendment to the Guidelines, provided that the amendment is among those enumerated in U.S.S.G. § 1B1.10(c). *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10. I concluded that a sentence reduction was justified and reduced Gonzalez-Gonzalez to 97 months. Gonzalez-Gonzalez again did not appeal his sentence.

### B. *Gonzalez-Gonzalez's § 2255 Proceeding*

Thirty-one months after his sentencing, on May 31, 2016, Gonzalez-Gonzalez filed a Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 1). In his § 2255 motion, Gonzalez-Gonzalez contends that his counsel was ineffective in several ways prior to and during his sentencing.

Respondent filed a Motion to Dismiss in which it argues that Gonzalez-Gonzalez's § 2255 motion should be dismissed as untimely. Gonzalez-Gonzalez's counsel filed a brief in this case conceding the absence of merited issues, pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel has served Gonzalez-Gonzalez with his *Anders* brief, in accordance with *Anders*, 386 U.S. at 744, to permit Gonzalez-Gonzalez an opportunity to independently point the court to any issues he deems meritorious. Gonzalez-Gonzalez has filed a *pro se* brief in resistance to respondent's motion and argues that his § 2255 motion should not be considered untimely. He contends the time permitted for his filling of a § 2255 motion should be equitably tolled for the periods he spent in two SHU units.

## II. LEGAL ANALYSIS
### A. *Standards for Motions to Dismiss*

Section 2255 proceedings are civil in nature and, therefore, governed by the Federal Rules of Civil Procedure, *see, e.g., Mandacina v. United States*, 328 F.3d 995, 1000 & n.3 (8th Cir.), *cert. denied*, 540 U.S. 1018 (2003), including Rule 12(b), which provides for a pre-answer motion to dismiss on various grounds. In *Moore v. United States*, 173 F.3d 1131 (8th Cir. 1999), the Eighth Circuit Court of Appeals held that the references to a one-year "period of limitation" and a "limitation period" in 28 U.S.C. § 2255(f) "does not purport to limit the jurisdiction of the courts," and, as such, the "limitation period" is subject to "equitable tolling." 173 F.3d at 1134. More importantly, here, because the "statute of limitations" in § 2255(f) is not "jurisdictional," a motion to dismiss based on untimeliness is pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for "failure to state a claim upon which relief can be granted," rather than pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction.

Although factual "plausibility" is ordinarily the central focus of Rule 12(b)(6) motions to dismiss under the *Twom-bal* standard,[3] various federal Circuit Courts of Appeals have expressly recognized, and the Eighth Circuit Court of Appeals has suggested, that the *Twom-bal* standard still permits dismissal pursuant to Rule 12(b)(6) of a claim that lacks a cognizable legal theory, in addition to permitting dismissal for factual implausibility. *See, e.g., Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013) (a claim may be dismissed if it is based on an

---

[3] The "*Twom-bal* standard" is my nickname for the "plausibility" pleading standard established in the United States Supreme Court's twin decisions on pleading requirements, and standards for dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for claims in federal court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

"indisputably meritless legal theory"); *Commonwealth Property Advocates, L.L.C. v. Mortgage Electronic Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011) ("Dismissal is appropriate if the law simply affords no relief."); *see also Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (recognizing that a claim must plead sufficient facts under a "viable legal theory"); *cf. Brown v. Mortgage Electronic Registration Sys., Inc.*, 738 F.3d 926, 933 n.7, 934 (8th Cir. 2013) (noting the appellate court's agreement "with the district court's sound reasoning that the facts pled do not state a cognizable claim under Arkansas law" and holding that dismissal pursuant to Rule 12(b)(6) was appropriate, because Arkansas law did not impose the purported duty on which an unjust enrichment claim and a state statutory claim were based). It is precisely the lack of a cognizable legal theory for Gonzalez-Gonzalez's § 2255 Motion, as to timeliness of that Motion, that is the proper basis for the respondent's Motion To Dismiss in this case,

On respondent's Motion To Dismiss pursuant to Rule 12(b)(6), I may consider the docket and documents filed in the underlying criminal case, from which Gonzalez-Gonzalez seeks § 2255 relief, because they are "'incorporated by reference or integral to [his] claim,'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)), and because they are "'necessarily embraced by the pleadings.'" *Whitney*, 700 F.3d at 1128 (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)).

### B. *The Statute Of Limitations And Equitable Tolling*

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255(f) provides as follows:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Thus, the AEDPA "imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (citing *Johnson v. United States*, 544 U.S. 295, 299 (2005)). Because the one-year statute of limitations in § 2255(f) is not "jurisdictional," it may be "equitably tolled." *Muhammad*, 735 F.3d at 815.

### C. Timeliness Of Gonzalez-Gonzalez's § 2255 Motion

Gonzalez-Gonzalez does not contend that his § 2255 Motion is timely under any provision of § 2255(f). Gonzalez-Gonzalez's § 2255 Motion was not filed within one year after his conviction and sentence became final on October 18, 2013, when he did not file an appeal to the Eighth Circuit Court of Appeals, and he does not rely on any other statutory "trigger" for the running of the limitations period. Rather, he asserts that "equitable tolling" should excuse the untimeliness of his § 2255 Motion, even though it was filed 19

months too late. The respondent contends that there is no basis for "equitable tolling" in this case and that Gonzalez-Gonzalez's § 2255 Motion must be dismissed as untimely.

The Eighth Circuit Court of Appeals summarized the requirements for "equitable tolling" of the "limitations period" in § 2255(f) for a § 2255 motion, as follows:

> The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005)) (applicable to section 2254 petitions); *see also United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (applying same rule to section 2255 motions). We review this claim de novo. *See Martin*, 408 F.3d at 1093.

*Muhammad*, 735 F.3d at 815.

Gonzalez-Gonzalez argues that his extended stays in two SHU units constitute the required "extraordinary circumstances" that "stood in his way and prevented timely filing" of his § 2255 Motion. *Id.* (internal quotation marks and citations omitted). However, in *Muhammad*, the Eighth Circuit Court of Appeals rejected a federal prisoner's contention that his confinement in the SHU for approximately five months constituted "extraordinary circumstances" for purposes of "equitable tolling." *Id.* Specifically, the court explained,

> As part of [Muhammad's] detention [in the SHU], [Muhammad] was not permitted to visit the prison's law library and did not have access to his personal, legal materials. While we do not foreclose the possibility that another movant might be able to show how the conditions of his confinement constitute an extraordinary circumstance warranting the application of equitable tolling, Muhammad fails to demonstrate how his five months of special confinement prevented him from meeting the one-year statute of limitations. He acknowledges that he was able to send letters during this confinement which suggests he had access to paper and writing

7

> implements. He does not claim that he was prohibited from contacting the court or was denied any mail sent from the court. Although he claims that he was not allowed access to the prison's law library during this special confinement, we have recognized that equitable tolling was not proper when an unrepresented prisoner claimed lack of legal resources. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000). Accordingly, we agree with the district court that Muhammad's five-month confinement in the Special Housing Unit does not constitute an extraordinary circumstance warranting the application of equitable tolling.

*Muhammad*, 735 F.3d at 815.

In addition, or in the alternative, Gonzalez-Gonzalez's "equitable tolling" claim fails on the "diligence" prong of the analysis. *Id.* The Eighth Circuit Court of Appeals has explained, "The diligence required for equitable tolling purposes is 'reasonable diligence' not 'maximum feasible diligence.'" *Id.* at 816 (quoting *Holland v. Florida*, 560 U.S. 631, 653 (2010), with internal citations and quotation marks omitted). I have previously held that a prisoner does not necessarily have to act "immediately" to file a § 2255 Motion, after becoming aware that his counsel had not taken appropriate action or that the § 2255(f) deadline was imminent or had passed. *See Koons v. United States*, 995 F. Supp. 2d 905, 913 (N.D. Iowa 2014). Even so, "reasonable diligence" requires a prisoner *to do something more* than watch the statute of limitations run out, where the record would show to a duly diligent person that the statute of limitations was running. *Cf. Anjulo-Lopez v. United States*, 541 F.3d 814, 818-19 (8th Cir. 2008) (finding that the prisoner had not acted diligently, where he waited an entire year before he even tried to contact his attorney about his appeal, and the lack of any notice of appeal was a matter of public record, which a duly diligent person in the prisoner's position could have discovered).

Here, nothing in the record suggests that the grounds for Gonzalez-Gonzalez's "ineffective assistance of counsel" claim for § 2255 relief were unknown or unknowable to him long before his deadline to file his § 2255 Motion expired. *Compare United States*

8

*v. Martin*, 408 F.3d 1089, 1091-92 (8th Cir. 2005) (concluding that a prisoner had acted diligently, even though he did not file his § 2255 motion until almost five months after his deadline, where his attorney had told him that there was no deadline). I conclude that Gonzalez-Gonzalez was not "diligent," as required to take advantage of "equitable tolling."[4] *Muhammad*, 735 F.3d at 815-16.

### III. CERTIFICATE OF APPEALABILITY

Gonzalez-Gonzalez must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El v. Cockrell* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). I conclude that Gonzalez-Gonzalez has failed to make a substantial showing that the untimeliness of his § 2255 Motion is debatable among reasonable jurists, that a court could resolve this issue differently, or that this question deserves further proceedings. Consequently, a certificate

---

[4] Alternatively, even if I equitably tolled the limitation period for the times that Gonzalez-Gonzalez claims he was in the SHU units at FCI Englewood, January 2014 to June 2015, and FCC Lompoc, March 2015 to July 2015, Gonzalez-Gonzalez's § 2255 motion would still be deemed untimely because he did not file his § 2255 motion until May 31, 2016.

of appealability is also denied. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36; *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Should Gonzalez-Gonzalez wish to seek further review of his motion, he may request a certificate of appealability from a judge of the United States Court of Appeals for the Eighth Circuit. *See Tiedman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

## IV. CONCLUSION

For the reasons discussed above, respondent's Motion to Dismiss is granted and Gonzalez-Gonzalez's motion under 28 U.S.C. § 2255 is denied in its entirety. This case is dismissed. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED**.

**DATED** this 16th day of March, 2017.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA